UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 1:05-M-113A |
| | : | CR No. 1:05-M-114A |
| ISMAEL GOMEZ | : | |
| RAFAEL SANTOS | : | |

## MEMORANDUM AND ORDER

The Defendants in these related cases are charged with distribution of heroin and conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. On September 13, 2005, both Defendants appeared before this Court simultaneously for a preliminary hearing held pursuant to Fed. R. Crim. P. 5.1 and a detention hearing held pursuant to 18 U.S.C. § 3142. Both Defendants were represented by privately retained defense counsel at these hearings. At the conclusion of these hearings, this Court took the issues of probable cause and bail under advisement as to both Defendants. For the reasons discussed below, this Court finds (1) PROBABLE CAUSE, pursuant to Fed. R. Crim. P. 5.1(e), to believe that the charged offenses were committed and that Defendants committed those offenses; and (2) that Defendants have not rebutted the presumption created by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of Defendants as required and the safety of the community.

### Discussion

#### A. Preliminary Hearing Standards

Both defense counsels conceded in their arguments to this Court that the Government's burden to establish probable cause at this preliminary stage is low. A preliminary hearing under Fed.

R. Crim. P. 5.1 is narrow in scope. Its purpose is solely to test whether "probable cause" exists as to the offense(s) charged. It is not a discovery mechanism for defendants, and it is not a trial to determine guilt or innocence.

Although mere suspicion does not suffice, probable cause may be found where there is a "fair probability," based on the totality of the circumstances, that a defendant committed the offense charged. See United States v. Mims, 812 F.2d 1068, 1072 (8th Cir. 1987), quoting Illinois v. Gates, 462 U.S. 213, 231 (1983). The Federal Rules of Evidence generally are not applicable at preliminary hearings, Fed. R. Evid. 1101(d)(3), and accordingly, a probable cause finding may be based, in whole or in part, on hearsay evidence.

### B.    Probable Cause as to Defendants Santos and Gomez

The Government relied upon the sworn Affidavit of DEA Agent Keith Leighton (Gov't Ex. 1), as well as his testimony, in support of its burden to establish probable cause. The Government easily met its burden as to both Santos and Gomez. The Affidavit relates to multiple recorded telephone conversations between Santos and a Confidential Source ("CS") to arrange heroin purchases by the CS from Santos. It recounts surveilled and controlled purchases of approximately 100 grams of heroin by the CS from Santos at the location of Santos' business in Providence on April 6, 2005 and September 8, 2005.

As to the September 8, 2005 transaction, the Affidavit relates that Santos told the CS, while they were both in an undercover vehicle equipped with recording devices, that Santos was "waiting for the material [heroin] and that it would be coming soon." Gov't Ex. 1 at ¶ 12. Santos also reportedly stated to the CS that that "material" was at his residence and someone was "bringing it over." Id. The Affidavit further relates that Santos met with Gomez a short time later and a "shiny

package" was observed by DEA surveillance being passed from Gomez to Santos. Id. Moments later Santos reentered the undercover vehicle with the CS, and Santos was observed removing a tin foil package from his pant pocket which was "obtained" by the CS from Santos. Id. Both Defendants were arrested a short time later in the vicinity of Santos' business and approximately 100 grams of heroin wrapped in tin foil, a shiny material, was obtained from the CS by law enforcement personnel.

The evidence presented by the Government indicates that both Santos and Gomez ran from the scene prior to being arrested. When Gomez was arrested, he reportedly had removed his shirt, and he initially gave a false name and date of birth to law enforcement personnel. Although thorough and spirited, defense counsels' arguments on behalf of their respective clients against a finding of probable cause were, for the most part, based on technicalities rather than a common sense view of the entirety of the evidence. While such technical arguments may have been more compelling if this Court was constrained to a "reasonable doubt" standard at this stage, they do not convince this Court that probable cause has not been established as to these Defendants. Viewing the evidence in its entirety and in a practical, common sense fashion, this Court concludes that the evidence presented by the Government meets its "low" burden of establishing probable cause that Defendants Santos and Gomez committed the offenses charged in the Criminal Complaints.

### C.    Reconsideration of Bail

On September 9, 2005, this Court held detention hearings as to both Defendants. At that time, this Court issued written Detention Orders as to both Defendants summarizing its reasons for denying bail. It is undisputed that both Defendants are charged with drug distribution offenses, creating a rebuttable presumption that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required and the safety of the community. <u>See</u> 18 U.S.C.
§ 3142(e).

Both Defendants argue that their ultimate sentence, if convicted, would be far less than the
maximum of ten years or more necessary to trigger the § 3142(e) presumption. This argument fails
as the First Circuit has made clear that the presumption is triggered solely by the statutory maximum
penalty (in this case exceeding ten years) regardless of the actual or likely sentence for a particular
defendant. <u>See</u> <u>United States v. Moss</u>, 887 F.2d 333, 337 (1st Cir 1989). Once the statutory
presumption is triggered, a defendant may rebut it by producing evidence that he is not a risk of
flight or danger to the community. <u>United States v. Perez-Franco</u>, 839 F.2d 867, 870 (1st Cir. 1988).
Although the ultimate burden of persuasion remains with the Government, the presumption, even
if rebutted by a defendant, remains a permissible consideration along with the other § 3142(g)
factors. <u>Id.</u> (noting Congress' conclusion that "generally drug traffickers pose special risks of
flight").

In this case, Gomez does not even come close to rebutting the §3142(e) presumption. He has
no financial or other ties to this District. The weight of the evidence against him is strong, and he
was on probation from a prior drug distribution conviction at the time the offenses charged in this
case were allegedly committed. <u>See</u> 18 U.S.C. § 3142(g)(3)(B). This Court finds no basis upon
which to reconsider and reverse its prior written Detention Order dated September 9, 2005 as to
Gomez.

As to Santos, this Court finds that he has strong family and financial ties to this District and
no prior criminal record. Even assuming that Santos has produced sufficient evidence to rebut the
presumption, his detention is otherwise warranted based on the facts before this Court. As noted

above, even if the presumption is rebutted, it "does not disappear" and may be considered along with the other § 3142(g) factors. <u>Perez-Franco</u>, 839 F.2d at 870. Considering and balancing all of the § 3142(g) factors, this Court finds that there is a serious risk that Santos would not appear and also would present a danger to the community if he reverted to the criminal activity charged in the Criminal Complaint. Santos is charged with an offense which "involves a narcotic drug," 18 U.S.C. § 3142(g)(1), and the weight of the evidence against him, as outlined in Section B above, is strong. 18 U.S.C. § 3142(g)(2). In addition, Pretrial Services has advised this Court that although Santos is a legal, permanent resident in the United States, immigration authorities have indicated that, if he is convicted, an immigration detainer will be lodged against him and deportation proceedings commenced. The risk of deportation following incarceration presents further grounds for finding a risk of flight. Again, for these reasons, this Court finds no basis upon which to reconsider and reverse its prior written Detention Order issued on September 9, 2005 as to Santos.

LINCOLN D. ALMOND
United States Magistrate Judge
September 15, 2005

-5-